DECISION AND JUDGMENT ENTRY
This case is before the court sua sponte. Appellant, Jeffrey c. Barefoot, filed a notice of appeal from a decision of the trial court which granted a divorce to him and appellee, Lynne S. Barefoot. A portion of the judgment entry granting the divorce states:
 "The Court finds that since neither appraisal is credible, and the Court finds that the value of the business certainly should be more in the middle of the two appraisals, the Court finds that a new appraisal should be obtained by this Court ordering a new appraisal and assessing the costs to the parties. The court is well aware that the case law indicates that the Court cannot fashion its own Order or determination in the middle of the two appraisals, thus obtaining a new appraisal would be the preferable method. Therefore the Court takes under advisement the issue of the value of the business until such report can be obtained and a hearing conducted on the new valuation of the business.
"* * *
 "Rather than hold-up the Final Order of Divorce in order to obtain another valuation, the Court proposes to rule on all of the Objections with the exception of the valuation of the business. Once a new valuation is obtained, if there is any adjustment to be made, the Court may handle that by ordering one party or another to pay a specified sum to compensate for the increase or decrease."
The judgment entry appears to dispose of all other issues in this divorce.
Civ.R. 54(B) states:
 "Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
Thus, since not all claims between the parties have been finally adjudicated in this divorce case (that is, the valuation of the business as it relates to the property division claim) the entire divorce entry is interlocutory and subject to revision at any time. Thus, while the judgment entry purports to grant the parties a divorce, they are not in fact legally divorced at this time. Interlocutory decisions are by definition not final and cannot be appealed. See R.C. 2505.02.
We note that even if the trial court judge had made a Civ.R. 54(B) determination that there is no just reason for delay, such determination would be ineffective pursuant to Civ.R. 75(F), which states:
 "* * * For purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless one of the following applies:
 "(1) The judgment also divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children;
 "(2) Issues of property division, spousal support, and allocation of parental rights and responsibilities or shared parenting have been finally determined in orders, previously entered by the court, that are incorporated into the judgment;
 "(3) The court includes in the judgment the express determination required by Civ.R. 54(B) and a final determination that either of the following applies:
 "(a) The court lacks jurisdiction to determine such issues;
 "(b) In a legal separation action, the division of the property of the parties would be inappropriate at that time."
We therefore find that there is no final judgment from which an appeal may be taken at this time. This appeal is ordered dismissed at appellant's costs. It is so ordered.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.